JOHN W. SUNNEN (#112276)
CHRISTOPHER J. SUNNEN (#248881)
LAW OFFICES OF JOHN W. SUNNEN
12625 HIGH BLUFF DRIVE, SUITE 306
SAN DIEGO, CALIFORNIA, 92130-2054
TEL: (858) 793-9999
FAX: (858) 793-9998

Attorney for JASON BELICE Debtor/Defendant

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In Re:

JASON AND MISHELLE BELICE

MICHAEL BARNES,

    Plaintiff

v.

JASON BELICE

    Defendant.

CASE NO. 09-14236-PB7
ADVERSARY CASE NO. 09-90576-PB

DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE UNDER FRCP 9, 12(b)(6) AND FRBP 7012

Time: 10:00 am
Date: June 7, 2010
Dept: 4
Judge: Honorable Peter Bowie

Comes now JASON BELICE ("Defendant/Debtor") by and through his counsel of record, John W. Sunnen, and submits his motion seeking Dismissal of the First Amended Adversary Complaint ("FAAC") under Federal Rules of Civil Procedure 9 and 12(b)(6), as incorporated by Bankruptcy Rule 7012. Plaintiff's complaint is deficient as a matter of law as it fails to state any claims upon which relief can be granted. Moreover, Plaintiff has failed to make any material changes to the already deficient initial adversary complaint that was dismissed on

-1-

March 10, 2010. As such, the present Defendant respectfully requests that the FAAC be dismissed with prejudice as a matter of law as no relief can be granted on the repeated and deficient claims listed herein.

## STATEMENT OF FACTS

At the end of 2007, the present Defendant, Jason Belice began experiencing financial difficulties. The Defendant had recently lost his job, and was living with his fiancé, Mishele Belice in a rental unit in La Jolla. At this point in time, both parties were currently behind on the rent due on the unit. The Defendant had no income and no assets at this point in time. The Defendant's friend, Michael Barnes ("Plaintiff") was well aware of his financial situation at this time, including the fact that he was several months behind on the rent at his residence, as they had had several conversations about such matters.[1]

In early 2008, the Plaintiff informed the Defendant in a number of conversations that he had made between $400,000.00 and $500,000.00 on a number of investments in the greater San Diego area. As the Defendant still had no job, no income, and needed money to cover his living expenses, he contacted the Plaintiff, his friend in order to obtain a loan to cover his living and day to day expenses. At this point in time, the Plaintiff was fully aware of the Defendant's precarious financial condition that had not changed from their prior discussions. During the discussion he had with the Plaintiff, the Plaintiff was again informed that the Defendant was unemployed, had no assets, and was several months behind on his rent. As the Defendant was seeking the loan to cover day-to-day

---

[1] The present Plaintiff alleges in his Paragraph 9(b) that the Defendant stated to him he was employed by Luce Forward in 2007. However, the Plaintiff further states that the Defendant represented to him *that he was no longer employed by Luce Forward*. FAAC, Paragraph 9(b). No misrepresentations took place regarding Defendant's financial status or Defendant's employment status at this point or at any point. As evidenced by Plaintiff's own allegations,
(footnote continued on next page)

-2-
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT                    09-90576-PB

expenses, there was a total disclosure of the Defendant's financial status.[2] It was very clear to both parties, if not explicitly clear that the Defendant was at best, in a precarious financial position, as he had no job, no income, and no assets. Further, at no time did the Defendant represent the Plaintiff in any legal or fiduciary capacity, as the transaction was structured on the basis of each party's personal friendship with the other.

The Plaintiff, when approached by the Defendant, inquired further about the Defendant's financial condition. The Plaintiff was concerned about receiving repayment on any potential loan, as the Defendant had disclosed that he had no source of income, no assets, and was several months behind on paying the rent on his apartment. In response to these enquiries, the Defendant told the Plaintiff that he had one investment that he believed was potentially viable. The Defendant told the Plaintiff that he had invested $50,000.00 in an entity known as the Monkey Bar, LP. The Defendant stated that he had made the investment in early 2007, prior to his financial difficulties, and that the investment was in a bar in Macau, China known as the "Monkey Bar". The Defendant stated that the bar was operated by a friend of his, and that the investments in the bar had been sold in $100,000.00 increments, and that he and another friend, named Mehta had both invested $50,000.00 to meet the requisite $100,000.00 level.

The Defendant believed that the Monkey Bar was solvent, and that he would receive his initial investment at a minimum, or a return on such investment in the future, he told the Plaintiff that any loan provided to him would be secured by a half interest in the $50,000.00 investment he

---

(footnote continued from previous page)

Plaintiff was *fully* aware that the Defendant *had been employed*, but *no longer was employed*. Plaintiff was thus fully aware that the Defendant *had no regular source of income as he was unemployed* at the time of the loan transaction.

-3-
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT        09-90576-PB

had made with Mehta. The Defendant never represented that such an investment was a "sure thing" or was entirely successful in any way. In fact, the Defendant turned over all of the e-mails to the Plaintiff which he had received regarding the Monkey Bar. The Defendant clearly and definitively told the Plaintiff that the Monkey Bar, like all investments, was subject to risk, and that the rate of return could be potentially non-existent. No representations were ever made that the Monkey Bar was a fantastic, great, or "sure thing" type of investment. The only representation the Defendant made to the Plaintiff regarding the Monkey Bar was that it was one of the last, if not the last sources of collateral he possessed.

As such, the Plaintiff agreed to provide the Defendant with the loan he had requested, in order that he could meet his monthly expenses, and pay the amount of back rent that was due and owing, and a note was executed stating that the transaction was secured by the investment the Defendant had made in Macau. The transaction that was entered into was that of a "convertible" promissory note. This allowed the Plaintiff, as the lender, to request that the note be converted from an unsecured investment to a secured investment. At no time either at the time of the loan, or at a later date, has the Plaintiff attempted to exercise this right. Prior to this time, the Defendant had received a K-1 statement from the Monkey Bar, LP, representing his interest, and reporting that he had not received any distribution of profits. As such, the Defendant had every reason to believe, like the Plaintiff, that there was security for the note, and such security was being adequately provided. The Defendant had no reason to think that it was not a viable investment, nor not a viable entity. Subsequent to the loan transaction being entered into between himself and the Plaintiff, the

---

(footnote continued from previous page)

[2] As noted above, and previously, the Defendant disclosed the entirety of his financial condition, that he was

(footnote continued on next page)

Defendant saw a Youtube Video of the premises of the actual Monkey Bar, and believed that a deal was going to be entered into between the principals of the bar and other parties in which the bar would be bought out by the hotel, and the investors funds returned with a rate of return. This information was further provided to the Plaintiff.

However, at some point in 2009, the Defendant received an e-mail from the principals of the Monkey Bar, LP, that the entity and the bar were experiencing severe financial difficulties due to the global economic crisis, and that the entity would be dissolving, with a total loss of the investment capital. On September 22, 2009, a Chapter 7 case was filed on behalf of the Defendant and his wife, the co-Debtor, Mishelle Belice. On October 22, 2009 at 2:15 p.m., the initial Section 341(a) meeting of creditors was held. Both the Defendant and his wife attended, and were represented by counsel. Also present at the meeting was the Interim Chapter 7 Trustee, James Kennedy, who was confirmed as the Trustee for the estate, counsel for the Debtors, Mr. Barnes, and a third party, Justin Stoger, who represented another creditor. At the meeting, it was divulged that due to a scrivener's error, the present Defendant's income had been listed twice on the Form B22A and the Schedule "I" of the bankruptcy petition. However, despite this erroneous entry, the income listed on both the Schedule "I" and the B22A did not demonstrate that the Debtors were *per se* abusive filers, as the initial calculations demonstrated that their filing was well under the income threshold for a household of their size.

As a result, the Trustee, James Kennedy requested that the Schedules I and Form B22A be amended by counsel to reflect the correct amount of income for the Defendant, an amount less than

---

(footnote continued from previous page)

unemployed, and that he had no prospects, and no source of income at that point in time, nor did he anticipate any change in such circumstances.

-5-
DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT        09-90576-PB

what was scheduled on the initial filing. Mr. Kennedy then allowed the parties present to question the Debtors. After several questions, Mr. Stoger stated that he had no further questions for the Debtor, and ultimately did not file an adversary action on behalf of his client. Mr. Barnes, the Plaintiff in this suit, then identified himself as a creditor of the Debtor, and proceeded to read a number of questions from a pre-prepared sheet to the Defendant, none of which dealt with the conduct alleged herein. Correspondingly, Mr. Kennedy concluded the meeting, and directed the Debtors' counsel to prepare the Amendment necessary in this matter.

In mid-November, counsel for Defendant received correspondence from Mr. Klein, who now represents the Debtor regarding the transactions entered into between the Plaintiff and the Defendant. Counsel for the Defendant contacted the Defendant, who provided him with the present documents that are attached the Plaintiff's complaint as its exhibits, and responded to counsel for Plaintiff in the hope of settling the matter. On December 21, 2009, counsel for Plaintiff filed the present action. *Id.*, Docket Entry #23. On December 23, 2009, the Defendant and his wife, the co-Debtor were granted a discharge by the Court. *Id.*, Docket Entry #25.

On February 1, 2010, the present Defendant filed a motion under Federal Rule 12(b)(6), seeking dismissal of the original adversary complaint. *Id.*, Docket Entry #10. On February 18, 2010, Plaintiff timely filed its opposition. *Id.*, Docket Entry #14. On March 10, 2010, this matter was heard before this Court, who found that the complaint as filed was provided insufficient grounds for a non-dischargeability action. Correspondingly, the Court ordered that the complaint be dismissed without prejudice. *Id.*, Docket Entry 16. On April 9, 2010, the Plaintiff filed its FAAC with the Court, which contained no material changes, and did not serve the Defendant.

## STATEMENT OF AUTHORITIES

**I.  PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE DISMISSED**

Rule 8 of the Federal Rules of Civil Procedure, states in part:

> **(a) Claims for Relief.**
>
> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, *(2) a short and plain statement of the claim showing that the pleader is entitled to relief,* and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded. Fed. R.Civ. P. §8.

As stated above, Rule 8 is made applicable to Bankruptcy Courts through Bankruptcy Rule 7008. Here, Plaintiff has failed to properly plead its complaint as required by Rule 8(a), made applicable to the Bankruptcy Courts by Rule 7008. *In Re Gibson,* 176 B.R. 910 (Or. 1994). In *Gibson, supra,* Plaintiff's failure to comply with Rule 7008 and Rule 8(a) were proper grounds for dismissal of an adversary complaint. Further, in interpreting Rule 8, the United States Supreme Court in *Swierkiewicz v. Sorema, N.A.,* 534 U.S.506, 512 (2002) noted that Rule 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[s]uch a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (Citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

The allegations presented here do not give this Defendant or any defendant fair notice of what the Plaintiff's claims are as the language surrounding them is conclusory, argumentative, and unintelligible. Here, Plaintiff asserts alternately that the loan was made based upon the "personal friendship" of the parties (*Barnes v. Belice,* Case No.09-90576, United States Bankruptcy Court, Southern District of California, Docket Entry No. 17, Paragraph 9). However, Plaintiff then claims in subsequent paragraphs that the Defendant purportedly acted with "false pretenses, false representations, or actual fraud" (*Id.* ,Paragraph 20). The Plaintiff does not identify which acts the Defendant purportedly took or did. The Plaintiff also alleges that the Defendant represented that he

had a job, but later states in the same Paragraph, that the Defendant stated that he did not have a job. (See above, *Id.*, Paragraph 9(b)). These paragraphs fail to demonstrate the existence of any claim; nor are they intelligible as said paragraphs are so conclusory as to render any legal argument impossible. Furthermore, such claims cannot be pled, as no such fraud exists. The transaction that was entered into was between two parties based on a personal, relationship in which all items were disclosed to the Plaintiff. Moreover, as documented above, the Plaintiff was fully aware of the Defendant's precarious and unstable financial position. Moreover, the Defendant made no promises regarding his ability to repay such loans. Most importantly, all parties – Defendant and Plaintiff thought that adequate security existed for the loan at the time of the transaction as it appeared from e-mail correspondence and other documentation , including K-1 statements, that the Monkey Bar was a valid and solvent investment. As the Plaintiff was fully aware of the Defendant's financial problems, he entered the transaction with complete knowledge of the limitations and potential inability of the Defendant to repay him. As Plaintiff's complaint does not provide the proper notice pleading required by the Courts, it should be dismissed. No proper notice is given here to allow this Defendant to respond to the counts alleged.

**II.     PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH RULE 9 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND SHOULD BE DISMISSED**

Bankruptcy Rule 7009, provides that Rule 9(b) of the Federal Rules of Civil Procedure shall be applicable in Bankruptcy proceedings. In part, Fed. R. Civ. P. 9(b) provides the following regarding how fraud should be pled:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally. Fed. R. Civ. P. 9.

-8-

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT          09-90576-PB

Rule 9(b) is read in conjunction with Rule 8(a). The circumstances referred to in Rule 9(b) are "matters such as time, place, and contents or the false representations, as well as the liability of the person making the misrepresentation and what he obtained thereby." *In re Lion Capital Group*, 44 B.R. 690, 697 (Bankr. S.D.N.Y. 1984) (quoting *Robertson v. Nat'l Basketball Assoc.*, 67 F.R.D. 691, 697 (S.D.N.Y. 1975). In *Decker v. Massey-Ferguson, Ltd.*, 681 F.2nd 111 (2nd Cir. 1982), the Second Circuit Court of Appeals applied a straightforward test to determine the sufficiency of a claim based on fraud:

> Plaintiff need only allege the existence of facts and circumstances sufficient to warrant the pleaded conclusion that fraud had occurred. In so doing, the plaintiff's attorney would be stating "the circumstances constituting fraud . . . with particularity" as required by Rule 9(b). *Decker, supra.*

In this case, reliance on conclusory allegations are insufficient to state a cause of action or meet the Rule 9 requirements for a cause of action under 11 U.S.C. §523. *In Re Barr*, 194 B.R. 1009 (BK. M.D. Ill. 1996) (Mere failure to meet contractual obligations is not fraud); *In Re Rosen*, 132 B.R. 679 (BK. EDNY 1991) (Dismissal of complaint for failure to plead fraud with particularity). Additionally, in *In Re Lee,* 186 B.R. 695 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel listed those elements that a Plaintiff must plead and prove the following elements for a successful action under 11 U.S.C. § 523(a)(2)(A). In its opinion, the Court stated the following regarding the requisite elements:

> It is well-settled that a creditor alleging actual fraud must prove, by a preponderance of the evidence, the following five elements: (1) the debtor made a material misrepresentation,(2) with knowledge of its falsity, (3) with the intent to deceive, (4) on which the creditor justifiably relied, and (5)due to which the creditor sustained loss or damage. Citing to *In re Kirsh,* 973 F.2d 1454, 1457 (9th Cir. 1992)(per curium)*In re Britton,* 950 F.2d 602,604 (9th Cir. 1991); *In Re Rubin,* 875 F.2d 755 (9th Cir. 1989). *Lee, supra*, at 698.

Here, the Plaintiff has failed to plead at a minimum several of the elements listed above, and at a maximum, all of the elements listed in *Lee*. As stated above, Plaintiff has merely pled a litany of conclusory, unintelligible and at times, contradictory statements. For example, as discussed above, Plaintiff alleges that the loans were made based upon the party's friendship at one juncture, and admits knowing that the Defendant was not employed whatsoever. Moreover, in Paragraph 23 of the complaint, no elements are pled whatsoever, and instead rely on the bare bones language of the following, "…the foregoing misrepresentations and non-disclosures constitute a willful and malicious injury to Plaintiff…" (*Id.,* at Paragraph 23). Such statement does not reference any particular misrepresentation, nor cannot it represent any particular misrepresentation, because no such misrepresentations exist. The Plaintiff was fully aware of the Defendant's precarious and unstable financial position at the time of the loan, namely, having no income, no employer, and no assets. Since the statements alleged do not rise to the level of the requisite elements required under the case law cited above, and correspondingly the Complaint should be dismissed for this reason.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B) (6)

Federal Rule 12(b) (6) is made applicable to these Adversary Proceedings by Bankruptcy Rule 7012(b) (6). In considering a motion to dismiss under Rule 12(b)(6), all allegations of material fact in the complaint must be taken as true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mutual Insurance Company,* 80 F.3d 336, 337-338 (9th Cir, 1996). While a Rule 12(b) (6) motion to dismiss does not require "detailed factual allegations," the plaintiff must provide "more than labels and conclusions and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corporation v. Twombly,* 127 S.Ct.

1955, 1964-1965 (2007)[3] *See also Ashcroft v. Ibqal,* 129 S.Ct 1937, 1951 (2009) (trial courts must determine that the plaintiff's non-conclusory allegations are not just conceivable, but plausible); *DeGrassi v. City of Glendora,* 207 F.3d 636 (9th Cir. 2000); *Maktab Tarighe Oveyssi Shah Maghsoudi, Inc. v. Kianfar,* 179 F.3d 1244 (9th Cir. 1999); *Eneso Corp. v. Price/Costco Inc.,* 146 F.3d 1083 (9th Cir. 1998); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338.

Dismissal of the complaint is appropriate if it appears beyond doubt that the claimant can prove no set of facts in support of the claim that would entitled him to relief. *ARC Ecology v. U.S. Department of Air Forces,* 411 F.3d 1092, 1096 (9th Cir. 2005); *Walleri v. Federal Home Loan Bank of Seattle,* 83 F.3d 1575 (9th Cir. 1996); *Strother v. Southern California Permanente Medical Group,* 79 F.3d 859 (9th Cir. 1996); *Arcade Water Dist. v. United States,* 940 F.2d 1265, 1267 (9th Cir. 1991). In considering a motion to dismiss, the court should not necessarily assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir. 2003); *Western Mining Council v. Watt,* 643 F.3d 618, 624 (9th Cir. 1981). A complaint may be dismissed for failure to state a claim "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A complaint that contains a "hodgepodge of vague and conclusory allegations" is insufficient to support claims for relief. *Powell v. Jarvis,* 460 F.2d 551, 553 (2nd Cir. 1972).

These authorities are reflected in the case law on dismissal of adversary complaints. In particular, the case law on dismissal of adversary complaints holds that mere conclusory

---

[3] Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

(footnote continued on next page)

allegations based on information and belief are an insufficient basis for an adversary complaint. *In Re Kerr*, 58 B.R. 171 (Bankr. E.D. Ark. 1985); *In Re Kunec*, 27 B.R. 650 (Bankr. M.D. Pa. 1982); *In Re Fodiman,* 18 B.R. 965 (Bankr. S.D.N.Y. 1982). Further case law also demonstrates that shotgun style pleadings that make conclusory allegations based on mere information and belief are insufficient to prove a cause of action. *In Re Irmen*, 379 B.R. 775 (N.D. Ill. 2007).

Plaintiff's allegations in the present complaint are conclusory, contradictory, and above all, bare bones. At best, very few acts are detailed here, and at worst, no acts are detailed whatsoever. Plaintiff has not properly pled any of the causes of action present. Plaintiff has failed to list any of the requisite elements of any of the requisite causes of action. In part, Plaintiff's allegations are conclusory, contradictory and unintelligible, and it would appear that Plaintiff has violated Rule 8, and Rule 9 with regard to how the complaint should be pled. Many of the allegations present in the complaint are based on mere information and belief, which under the above cited authorities *are not sufficient grounds for an adversary complaint.* This fact bears repeating: *shotgun style pleadings that make conclusory allegations based on mere information and belief are insufficient to prove a cause of action. In Re Irmen*, 379 B.R. 775 (N.D. Ill. 2007). Lastly, as stated above in the statement of facts, and in other areas of the present motion, the Plaintiff entered into such transactions with the Defendant's financial condition fully disclosed. The Plaintiff, as a friend of the Defendant knew that the Defendant had no employer, no assets, and no income at the time the loan was made, and was further aware that the Defendant was in a precarious financial position as the Defendant represented that he was several months behind on

---

(footnote continued from previous page)

-12-

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT    09-90576-PB

paying his rent and needed such funds to meet day to day and past obligations. As such, the complaint should be dismissed as relief cannot be granted under the Federal Rules.

## II. UNDER APPLICABLE BANKRUPTCY LAW PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL

In *In Re Hashemi*, 104 F.3d 1122 (9th Cir. 1996), the Ninth Circuit has ruled that no right to jury trial exists in an action to determine dischargeability of a debt. Consistent with its shotgun style pleading approach, Plaintiff fails to cite what – if any authority would entitle it to a jury trial on any of the purported causes of action should the matter go forward. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33(1989). As a result, based on the above cited precedent, it would appear that no jury trial is warranted.

## CONCLUSION

The present Plaintiff has not pled a viable adversary action with respect to any of the sections he has cited under 11 U.S.C. § 523 of the Bankruptcy Code. The above stated factual record demonstrates that the Plaintiff was fully aware of the Defendant's financial condition when the subject loans were made. The factual record further demonstrates that there were no misrepresentations made by the present Defendant whatsoever, as he was without a job, without a source of income, and without assets at the time the loan transaction was entered into. Moreover, the present Defendant informed the Plaintiff at the time of the loan that he was several months delinquent on his rent at his residence. The Defendant, moreover, approached the Plaintiff as his friend, seeking a loan to help him through his financial difficulties. The present complaint also fails to plead the elements of the statutes listed properly, and relies on a number of assertions based on information and belief, which under the case law cited above, is not sufficient to allow for a cause of action to go forward. The present complaint is yet another bare bones presentation of the purported causes of action, listed in the first complaint, which was judged insufficient by this court.

1  As such, Defendant requests that the Plaintiff's present complaint be dismissed with prejudice as
2  no cause of action exists upon which relief can be granted.

4  Dated: May 6, 2010                               Respectfully Submitted,

   _____
   JOHN W. SUNNEN
   Attorney for JASON BELICE

9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22
23 //
24 //
25 //
26 //
27 //
28